UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: ) | |
| MATTHEW JASON MENNONA ) | |
| NICOLE MARIE MENNONA, Debtors ) | Case No. 21-11967-TBM |
| ) | |
| PATRICK S. LAYNG, UNITED STATES ) | |
| TRUSTEE FOR REGION 19 ) | |
| Plaintiff ) | |
| v. ) | |
| DEVON M. BARCLAY ) | |
| DEVON BARCLAY, PC, Defendants ) | Adv. Pro. 22-01139-TBM |
| ) | |

**RESPONSE**

COMES NOW Devon Barclay, on his own behalf and on behalf of Devon Barclay PC, the Defendants, and in response to the Complaint filed by Mr. Layng state as follows:

1. Mr. Barclay has been advised by counsel to avoid speaking in detail about the allegations between 122-131 of the complaint, for fears that anything said could be used in whatever context for prosecution, whatever the ultimate merits, by the UST. Due to the fact that the Defendants would be forced, as a result of legal advice, to assert their protections under the fifth amendment to the United States Constitution in any trial or further proceeding, the Defendants are effectively prevented from mounting a full and proper defense, and at this time will not.

2. As a result, the Defendants enter qualified admissions to every accusation in the Complaint, and ask simply that the Court make whatever ruling it deems appropriate in light of the qualifications below:

2. Allegations 19-33 relate to a case filed without the Debtor's signatures. Defendants admit that they were without signed copies of the petition when the case was filed, and relied on verbal assertions by the Debtors that the pages had in fact been signed, their instruction to file the case, and the promise that the pages would be returned shortly. The fact that this was evidently not true is unfortunate, but as with many things in a bankruptcy case – and with a legal client in general – Counsel must be able to rely on the assertions of their client.

3. Allegations 34-45 relate to the application to pay the filing fee in installments. While obviously the Debtors in fact had $338 on hand at the time the application was filed, the mere possession of sufficient funds to pay the filing fee at once *does not* mean that a Debtor hasn't previously earmarked those funds for other purposes, and on their own judgment needed time to pay the requisite $338. The petition listed bank account balances sufficient to pay the filing fee, which were disclosed to the Court, and at the Court's discretion the Debtors' were granted an installment plan – presumably for the same rationale.

4. Allegations 65-121 involve a motion to dismiss the case based on missing pay advices. It seems quite clear that some of Mr. Mennona's pay advices are in fact missing. Ms. Mennona's paystubs are a bit more confusing. That said, an examination of the "reported tips" line from paystub to paystub across the paystubs that were filed show that this amount changes across checks but does not accord with the YTD

amounts, and the record is in fact not complete. As a result, pay advices are still missing from the record. Even were this not the case, Ms. Mennona's pay advices are prepared by a professional payroll company, and in a pay period where there is no pay, a zero advice is generated. There simply are paystubs missing, even if these contain little or no information.

5. The allegations from 122-131 attempt to describe a scheme to defraud the Court, but in reality simply describe a fourth attempt to dismiss the case utilizing the plain reading of 11 U.S.C 561. Had any motion been filed, it would have been obvious that the Defendants were the architects of the circumstances surrounding such a motion, since it would have been the fourth such attempt to dismiss the case, and motions to dismiss based on failure to provide tax returns are exceedingly rare in the bankruptcy court. There was never a motion filed, but had there been, it would have disclosed the facts and circumstances that led to filing of the motion. These would have been readily apparent as it is. While sections of 521 reference good or bad faith requirements, those are absent from the section describing the Debtor's duty to provide tax returns to creditors on request. The fact that the tax returns could have been turned over at any time is exactly why there would have been statutory grounds for the motion. None of this was intended to be concealed from the Court, nor could it have been. As a result, allegations of fraudulent or nefarious intent here are not only unrealistic but also absurd.

6. Defendants assert that the doctrine of unclean hands applies to the Complaint filed by Mr. Layng, and ask that all of the allegations raised in the complaint be viewed in that light. The Plaintiff has acted unethically in connection to the circumstances that have led to this suit: specifically, the Defendants are in possession of proof of widespread abuse of the bankruptcy system by the Mennona's trustee, Mr. Rodriguez, and it is against this backdrop that most of the actions complained of within the complaint were necessary in the eyes of Debtor's counsel. After several years of raising these serious issues – including, in some cases, criminal conduct – by the trustee, neither Mr. Layng nor his counsel, Mr. Boughner, have taken any steps to fulfil their duties in overseeing this individual. These issues are serious, comprehensive, and ongoing. It is Defendant's belief that after failing to convince the Department of Justice to enquire in this case against Mr. Barclay criminally, Plaintiff has filed the current complaint in an effort to silence the Defendants.

7. The Defendants do not make such a claim lightly, and are aware of the seriousness of even mentioning this in a response. To this end, by separate filing, Defendants attach as an exhibit a copy of the complaint filed with the Office of Professional Responsibility against Samuel Boughner, Simon Rodriguez, and others, so the Court can assess the seriousness and credibility of Counsel's concerns in advising the Mennonas – and for this purpose alone. Because the document contains confidential information, is part of an ongoing investigation, and is not intended to ever be used as evidence at trial, the Defendants request that the information remain confidential. All allegations contained in the Complaint at issue have already been conditionally admitted.

WHEREFORE, the Defendants respectfully request that the Court take the qualifications into consideration, accept the Defendants' admissions, and use the Court's own judgment to fashion an appropriate remedy for the grievances contained within Mr. Layng's complaint.

Dated: May 23, 2022                              By: /s/ *Devon M. Barclay*
                                                 Devon M. Barclay
                                                 DEVON BARCLAY, PC
                                                 2435 Ingalls Street
                                                 Denver, CO 80214

720-515-9887
devon@devonbarclaypc.com

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of May 2022, 1 served the foregoing document with the Plaintiff's counsel electronically and by mail and the Clerk of Court by mail at the following addresses:

Clerk, U.S. Bankruptcy Court
District of Colorado
721 19th St, Denver, CO 80202-2508

Robert Samuel Boughner
1961 Stout Street
Ste 12-200
Denver, CO 80294


/s/ *Devon M. Barclay*
Devon M. Barclay, #52663
DEVON BARCLAY, PC
2435 Ingalls Street
Denver, CO 80214
Phone: 720-515-9887
devon@devonbarclaypc.com