UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

## *Minute Order*

| Date: October 27, 2022 | **Honorable Thomas B. McNamara, Presiding** |
|---|---|
| | Anne E.R. Tunnell, Law Clerk |

| | | | |
|---|---|---|---|
| In re:  MATTHEW JASON MENNONA | | **Case. No. 21-11967 TBM** | |
| NICOLE MARIE MENNONA, | | Chapter 7 | |
| Debtors. | | | |
| PATRICK S. LAYNG, UNITED STATES TRUSTEE FOR REGION 19, | | **Adversary Proceeding No. 22-1139 TBM** | |
| Plaintiff, | | | |
| v. | | | |
| DEVON M. BARCLAY and DEVON BARCLAY, P.C. | | | |
| Defendants. | | | |

### Appearances

| | | | | |
|---|---|---|---|---|
| Trustee | | Counsel | | |
| Debtors | | Counsel | | |
| Plaintiff | Patrick S. Layng, US Trustee for Region 19 | Counsel | R. Samuel Boughner and Gregory Garvin | |
| Defendants | Devon Michael Barclay and | Counsel | NO APPEARANCE | |
| | Devon Barclay, P.C. | Counsel | NO APPEARANCE | |
| Interested Person | Simon Rodriguez | Counsel | Pro se (by phone) | |
| Interested Person | Stephen Peters | Counsel | Pro se (by phone) | |
| Interested Person | Stephen E. Berken, Esq. | Counsel | Sean Cloyes | |

Proceedings: (1) Final Pretrial Conference on the United States Trustee's Complaint against Devon Michael Barclay and Devon Barclay, P.C. (Docket No. 1, the "Complaint"); (2) the "Notice of Withdrawal of Documents, and of Default" (Docket No. 43, the "Notice") filed by Defendants Devon Michael Barclay and Devon Barclay, P.C. (the "Defendants"); and (3) Non-Evidentiary Hearing on Motion to Strike Document No. 32 in its Entirety (Docket No. 41, the "Motion to Strike") filed by Stephen E. Berken, Esq. ("Mr. Berken").

[X] Counsel for the United States Trustee (the "UST") entered his appearance on the record in the Courtroom.

[X] Neither of the Defendants appeared at the hearing either in the Courtroom or by telephone.

[X] Sean Cloyes entered his appearance on the record in the Courtroom on behalf of Mr. Berken.

[X] Following the Court's ruling that the Defendants admitted each allegation of fact (except any one relating to the amount of damages) based upon the Defendants' Notice and their withdrawal

of their Answer, the UST informed the Court that he would present no further evidence and rely exclusively on the allegations of fact which the Defendants admitted in the Complaint and the exhibits attached thereto and that he does not intend to call any further witnesses or present other evidence.  The UST concurred that the time reserved for trial in this case be used for the UST to present closing argument, to provide the Court with the legal and factual support on a claim-by-claim basis; and to hone the remedies he seeks.

[X] The UST asserted that the circumstances of this case, including that the Debtors have been made whole by the settlement proceedings in the Main Bankruptcy Case, and the applicable statute, 11 U.S.C. § 526, make it difficult to select a specific monetary sanction for the conduct of the Defendants in this case.

[X] The UST argued that the relief which is most appropriate in this case, based upon the admitted allegations of the Complaint and the Defendants' failure to appear at the Final Pretrial Conference, is injunctive relief barring the Defendants from practice before the United States Bankruptcy Court for the District of Colorado.

[X] The Court recognized the very unusual nature of the case and the Defendants' conduct in this case and asked the UST to be prepared to provide the Court with legal support for the precise remedies he seeks on a claim-by-claim basis.

[X] Counsel for Mr. Berken and the UST argued in support of the Motion to Strike that the document filed at Docket No. 32 should be stricken and sealed.

Orders:

[X] For the reasons stated on the record, the Court will issue an Order to Show Cause to the Defendants as to why they should not be sanctioned in an amount of up to $10,000 for their failure to appear at the Final Pretrial Conference and the hearing with respect to the Motion to Strike. The Order to Show Cause will require the Defendants to appear in person before the Court on **NOVEMBER 3, 2022, at 9:00 a.m.** in Courtroom E, 721 19th Street, Denver, Colorado 80202-2508.

[X] The Court issued an oral ruling on the record determining that the Notice constitutes a withdrawal of the Defendants' Answer (Docket Nos. 4 and 26) and that the effect of such withdrawal pursuant to Fed. R. Bankr. P. 7008 and Fed. R. Civ. P. 8((b)(6) is that the Defendants have admitted each allegation of fact stated in the Complaint.

[X] Pursuant to the Court's oral findings of fact and conclusions of law stated on the record, the Court instructed the Clerk of Court to enter the Defendants' defaults pursuant to Fed. R. Bankr. P. 7055 and Fed. R. Civ. P. 55(a).

[X] Pursuant to the Court's oral ruling on the record, the evidence is closed and the Court will take no further evidence at the time of the trial set to commence on **NOVEMBER 3, 2022**, at **9:00 a.m.**  The only matters to be heard will be any response the Defendants wish to present to the Order to Show Cause and the closing arguments, including the precise remedy the UST asks the Court to impose on the Defendants.

[X] The Court further ORDERED that any witness subject to a subpoena for appearance at trial that the UST served is released from the subpoena and need not appear.

[X] If the UST or the Defendants elect to file any additional legal authority (whether citations to case law or otherwise) pertaining to the remedies the UST seeks to have imposed, they shall file such authority by **NOON on NOVEMBER 2, 2022**.

[X] In accordance with the oral findings of fact and conclusion of law stated on the record, including that the Defendants failed to appear in support of the document filed by Devon M. Barclay at Docket No. 32, the Court GRANTED the Motion to Strike the document at Docket No. 32 and FURTHER ORDERED that the Clerk of Court shall SEAL the document at Docket No. 32.

Date: October 27, 2022

IT IS SO ORDERED:

_Thomas B. McNamara_
Honorable Thomas B. McNamara,
United States Bankruptcy Judge

FOR THE COURT:
*Kenneth S. Gardner, Clerk of Bankruptcy Court*

By: _Anne E. R. Tunnell_
Anne E. R. Tunnell, Law Clerk